IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR BRISENO MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1471 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Petitioner Cesar Briseno Martinez, a state inmate proceeding *pro se*, filed this habeas petition challenging his 1997 conviction for aggravated kidnaping. The petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>   >   recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

Petitioner reports, and public state court records show, that he was convicted of aggravated kidnaping and sentenced to forty years incarceration on June 16, 1997. The conviction was affirmed on October 28, 1998, and no petition for discretionary review was filed. *Martinez v. State*, No. 12-97-00280-CR (Tex. App. – Tyler 1998, no pet.). Accordingly, petitioner's conviction became final for purposes of AEDPA thirty days later, on or about November 28, 1998, and the AEDPA one-year limitation expired on or about November 28, 1999. Petitioner's first application for state habeas relief, filed on July 24, 2000, was denied by the Texas Court of Criminal Appeals on March 7, 2001. *Ex parte Martinez*, WR-48,587-01. Petitioner took no further legal action until the filing of a second application for state habeas relief in February, 2011. The Texas Court of Criminal Appeals dismissed the second application as an abuse of the writ on March 23, 2011. The instant federal habeas petition was filed on May 15, 2013.

Petitioner's instant federal petition shows on its face that it is barred by limitations. Petitioner's first application for state habeas relief was filed after expiration of the federal limitation and afforded petitioner no tolling relief. Further, petitioner's second state habeas application was filed well over a decade after expiration of limitations.

The Court ordered petitioner to show cause, by written response filed on or before June 10, 2013, why this petition should not be dismissed as barred by AEDPA limitations. Petitioner has failed to comply with the Court's order. Neither petitioner, the pleadings, nor matters of public record show any grounds for statutory or equitable tolling, and petitioner's federal habeas claims are barred by limitations.

This case is DISMISSED WITH PREJUDICE as barred by limitations. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on June 27, 2013.

_____
Gray H. Miller
United States District Judge